(No. 38057.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* STANLEY JENNESKI, Plaintiff in Error.

*Opinion filed March 29, 1967.*

WARD, J., took no part.

STANLEY JENNESKI, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KIS-

SANE and JAMES B. KLEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

In 1957 the defendant, Stanley Jenneski, was committed as a sexually dangerous person by order of the municipal court of Chicago. We have issued a writ of error to review the order of commitment.

Counsel was originally appointed to represent the defendant in this proceeding, but the defendant served the attorney with a "notice of dismissal" and we permitted counsel to withdraw and granted the defendant leave to proceed *pro se*. The brief filed by the defendant is inartistically drawn, to say the least, and does not adequately present the issues. We have, however, made an independent review of the record and are of the opinion that the order of commitment must be reversed.

The record before us is certified as a complete record. It shows that on August 16, 1956, an information was filed in the municipal court. The record does not contain a copy of the information and it is certified that the information was lost. The record then shows that on August 16, a petition was filed, charging that the defendant was a sexually dangerous person. However, this petition was dated July 31, and an order of court appointing two psychiatrists to examine the defendant was also dated on July 31. The record does not contain the reports of the psychiatrists, and, from all that appears from the record, no such reports were ever filed, nor were copies of the reports furnished to the defendant.

The record then shows numerous continuances up to January 4, 1957. On none of the occasions where continuances were granted was the defendant represented by counsel. On January 4, the record shows that the defendant appeared without counsel, entered a plea of not guilty to the

charge contained in the information, and waived his right to trial by jury. Trial on the information was not completed on that date and it was ordered that proceedings be postponed to January 21. Three more continuances were granted up to February 28. Defendant was not represented by counsel on any of these occasions and on one of them, he was not present. On February 28, a motion was filed by an attorney for defendant, claiming that the Sexually Dangerous Persons Act was unconstitutional. The State was given 10 days to answer and the cause was set for hearing March 15. The record does not contain a copy of the State's answer, nor does it shown any ruling by the court on the motion.

After two more continuances the cause came on for hearing on April 5. The record on that date shows that defendant, without counsel, again entered a plea of not guilty to the information and waived his right to trial by jury. This, in spite of the fact that he had, on January 4, entered such a plea and that trial had commenced on that date. The record shows that the court heard the testimony of witnesses and made a finding that the defendant was guilty as charged in the information. On the same date the record shows that the court entered a commitment order, reciting that the defendant had appeared with counsel and waived trial by jury and concluding with a finding that the defendant was a sexually dangerous person.

In our opinion, this confusing record shows that the defendant was committed in gross disregard of the procedure authorized by law and in violation of his constitutional rights. The act provides that a defendant is entitled to counsel (Ill. Rev. Stat. 1955, chap. 38, par. 824) but nowhere does it appear from the record that he was advised of his right or that he waived it. The record is clear that on most occasions the defendant was without counsel. The act also provides that the reports of the psychiatrists should be filed and that copies should be delivered to the defendant.

(Ill. Rev. Stat. 1955, chap. 38, par. 823.) The record fails to show compliance with these provisions. The record appears to be a combination of the proceedings on the criminal information and the proceedings under the Sexually Dangerous Persons Act. The only matters in the record clearly pertaining to the latter are the petition, the order appointing psychiatrists, the motion to declare the act void, and the committing order. Although the petition was not filed until August 16, it was dated July 31, before the information was filed. The order appointing physicians was likewise dated July 31, at a time when no petition was before the court. The court never ruled on defendant's motion challenging the validity of the act. According to the record the trial on the criminal information and the trial on the petition were both held on April 5 and the record shows that defendant was without counsel on the criminal charge but was represented by counsel on the petition, in spite of the fact that at all prior times, except for the filing of the motion challenging the validity of the act, the record shows that defendant was without counsel.

A commitment based upon the proceedings disclosed by this record cannot be permitted to stand. The judgment of the municipal court of Chicago is reversed and the cause is remanded to the circuit court of Cook County for a new hearing.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.